669 F.2d 732
 28 Empl. Prac. Dec. P 32,481
 Unpublished Disposition
NOTICE: Fifth Circuit Local Rule 47.5.3 states that unpublished opinions should normally be cited only when they establish the law of the case, are relied upon as a basis for res judicata or collateral estoppel, or involve related facts. If an unpublished opinion is cited, a copy shall be attached to each copy of the brief.
Steven E. Brand, Plaintiff-Appellant
v.
Boise Southern Company of DeRidder, Louisiana, Defendant-Appellee.
 Docket No. 81-3386.
 United States Court of Appeals, Fifth Circuit.
 Jan. 28, 1982.
 
 Before CLARK, Chief Judge, RANDALL and WILLIAMS, Circuit Judges.
 
 PER CURIAM
 
 1
 The appellant, a black male, alleges that he was discriminatorily denied reinstatement to his job after recovering from an injury in violation of Title VII, 42 U.S.C.A. Sec. 2000(e) et seq. and 42 U.S.C.A. Sec. 1981. The district court, after a trial, held for the appellee Boise Southern (Boise). We affirm.
 
 
 2
 To state the facts briefly, the appellant, Steven Brand, was employed in Boise's paper plant. His job involved working on a paper machine, described by Boise as "an immense and noisy piece of industrial equipment, with hundreds of moving parts." In 1974 Brand lost a finger in an accident while working on the machine. After his injuries healed, he returned to work, but began to display symptoms of what was later diagnosed as traumatic neurosis. This condition gave him nightmares and made him fearful of working around large machinery. On the recommendation of a psychiatrist, Dr. Willis, Brand took medical leave in March, 1975.
 
 
 3
 In December, 1975, Brand sought to return to work. Boise responded that, in accordance with its usual policy, Brand had to present a total medical release. Brand then obtained a medical release from Dr. Willis which stated that Brand was "recovering from traumatic neurosis--needs to be slowly deconditioned to work." Boise inquired of Dr. Willis whether Brand was fully recovered and Dr. Willis replied that Brand had an 80% chance of relapsing should he work around the machinery at the paper mill. Treating this release as less than total, Boise declined to reinstate Brand.
 
 
 4
 Brand then retained an attorney, Wilford Carter. Carter had Brand reexamined by Dr. Willis who this time rendered an opinion that Brand was "symptom-free and should be able to return to work." Dr. Willis reported his conclusions in a letter to Carter dated May 4, 1976. Apparently Carter failed to forward the letter to Brand. Instead, on behalf of Brand, Carter initiated grievance proceedings under the collective bargaining agreement and also submitted, on May 14, 1976, an Equal Employment Opportunity Commission charge that broadly alleged racial discrimination in a variety of Boise's employment practices.[1] An EEOC right-to-sue letter issued six months later. On March 11, 1977, Brand and one other plaintiff filed suit in federal court. The complaint was framed as a class action and was as broad in scope as the EEOC charge. It alleged no specific facts concerning Boise's failure to reinstate Brand.[2]
 
 
 5
 In December 1977, Brand himself called Boise to renew his request for reinstatement and discovered that Boise had never received the May 4, 1976 release. Brand then obtained a handwritten note from Dr. Willis confirming Willis' earlier opinion that Brand was ready to return to work. There is a dispute concerning when Boise received this note, but it appears that Boise did not receive it until an August, 1979 grievance hearing on Brand's claim for reinstatement. At that August, 1979 hearing, Boise, confronted with Brand's medical evidence, agreed to reinstate him if another psychiatrist concurred in Dr. Willis' opinion. Brand was examined by another psychiatrist and was given a clean bill of health. Boise then offered Brand reinstatement on November 2, 1979, and on November 5, Brand returned to work.
 
 
 6
 This suit came to trial in December, 1980. Brand attempted to prove that Boise had denied him prompt reinstatement because of his race. The court, adopting almost verbatim Boise's proposed findings of fact and conclusions of law,[3] rendered judgment against Brand. Brand has appealed to this Court.
 
 
 7
 The district court concluded that Brand failed to establish a prima facie case under McDonnell Douglas v. Green, 411 U.S. 792 (1973). The court also concluded that even if Brand had established a prima facie case, Boise had satisfied its burden of articulating a legitimate nondiscriminatory reason to justify its action, and Brand had failed to demonstrate that this reason was a pretext for discrimination. Because we agree that Boise has shown a legitimate reason for its actions that Brand has failed to shake, we affirm.[4]
 
 
 8
 In a discriminatory treatment case such as this, if the plaintiff establishes a prima facie case of discrimination, the defendant has the burden of articulating a legitimate nondiscriminatory reason for its action. Texas Department of Community Affairs v. Burdine, 101 S.Ct. 1089, 1093 (1981); Dickerson v. Metropolitan Dade County, 659 F.2d 574, 580 (5th Cir.1981). If the defendant does so, the plaintiff must persuade the trier of fact that the stated reason is merely a pretext to cloak discriminatory conduct. Burdine, 101 S.Ct. at 1093. Assuming for purposes of this appeal that Brand made out a prima facie case, we conclude that Boise has shown a legitimate reason for refusing to reinstate him and Brand has utterly failed to cast doubt on it.
 
 
 9
 Boise's witnesses testified that Brand and his attorney did not bring a complete medical release to Boise's attention until August, 1979. Until it received such a release, Boise was unwilling to reinstate Brand because an employee who might at any moment relapse into traumatic neurosis constituted a threat to the safety of the employees who work with him. Boise's fear that Brand's return to work might touch off a new traumatic episode is a legitimate reason for declining to reinstate him.
 
 
 10
 In response, Brand argues that Boise knew of Brand's recovery long before it reinstated him, and that the district court's finding to the contrary is clearly erroneous. The district court chose to disbelieve Brand's testimony that he tendered a medical release from Dr. Willis to Boise before August, 1979. We are bound by this finding unless it is clearly erroneous. Danner v. United States Civil Service, 635 F.2d 427 (5th Cir.1981). Brand's testimony on his delivery of the release was riddled with contradictions. The district court's refusal to credit it and instead to believe Boise's witnesses is not clearly erroneous.
 
 
 11
 Brand also presented evidence that several employees of Boise had been reinstated more speedily than he was. None of these instances involved mental disorders, and in all of them but one, a complete release was tendered before the employee was reinstated. The only case in which a white employee was reinstated without a complete release occurred before Boise established the rule requiring complete releases.
 
 
 12
 None of these comparative examples persuades us that Brand was treated differently from other similarly situated employees for discriminatory reasons. Rather, the evidence shows only that Brand's reinstatement was delayed because of a lack of communication between Brand and his counsel and Boise. Once Boise learned of Brand's improvement, it acted promptly to return him to work.
 
 
 13
 Discriminatory treatment cases are subject to the same allocation of burdens of proof whether brought under Title VII or section 1981. McWilliams v. Escambia County School Board, 658 F.2d 326, 331-32 (5th Cir.1981). Having concluded that Brand cannot prevail under Title VII, we must hold that he fares no better under section 1981. We therefore do not reach the question whether his section 1981 claim was barred by the one year Louisiana statute of limitations, as the district court held.
 
 
 14
 Affirmed.
 
 
 
 [1]
 The EEOC charge read as follows:
 I, am Steven E. Brand, an employee of Boise Southern Company. I have been so employed for quite some time. Because of discrimination witness an expericen [sic] by me and all the other black employees of this company, I submit a complaint to you seeking assistance in this problem from your office. The above company discriminated against the blacks as a class, in regard to hiring policies, promotions, job assignments, wages, discharge, reprimands, training programs and testing. Black employees have been discriminated against in all these areas.
 
 
 [2]
 The class allegations were dismissed with the consent of plaintiffs' counsel in 1979. The other named plaintiff settled his claim against Boise before trial of Brand's case
 
 
 [3]
 We note that this practice is disapproved, although it does not warrant reversal. Kincade v. General Tire & Rubber, 633 F.2d 501, 504 n. 2 (5th Cir.1981)
 
 
 [4]
 We therefore do not address Boise's contention that Brand's complaint in federal court exceeded the scope of the EEOC charge